IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 21-458 |
| | ) |
| DAVID FIELDS | ) |

### Opinion and Order on Pretrial Motions

Defendant David Fields is charged in a one-count indictment with unlawful possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). ECF No. 3. Mr. Fields has filed the following pretrial motions, which are ripe for resolution. Motion for Disclosure of Brady/Giglio Materials, ECF No. 47; Motion for Additional Discovery, ECF No. 49; Motion for Early Disclosure of Jencks Material, ECF No. 51; Motion to Compel Government to Provide Defendant with Written Statement of Uncharged Misconduct Evidence and/or Federal Rule of Evidence 404(b) Evidence and for Pretrial Production of Such Evidence, ECF No. 53; and Motion for Court Order to Preserve Rough Notes, ECF No. 55. The government has filed an Omnibus Response to said Motions. ECF No. 58.

I.   Motion for Disclosure of Brady/Giglio Materials

Mr. Field seeks production of all exculpatory evidence, and all material and information that may be favorable to him, pursuant to Brady v. Maryland, 373 U.S. 83 (1963). Mr. Fields also requests all potential impeachment material pursuant to Giglio v. United States, 405 U.S. 150, 154 (1972). See also United States v. Perdomo, 929 F.2d 967 (3d Cir. 1991).

"In Brady, the Supreme Court held that due process required that [upon request] the government produce all "exculpatory" evidence, which includes both '[m]aterials ... that go to

the heart of the defendant's guilt or innocence and materials that might affect the jury's judgment of the credibility of a crucial prosecution witness.'" United States v. Ramos, 27 F.3d 65, 68 (3d Cir. 1994) (quoting United States v. Hill, 976 F.2d 132, 134-35 (3d Cir.1992)). Once a defendant makes a request for such materials, the government is obligated to disclose such exculpatory evidence, "in time for its effective use at trial." United States v. Higgs, 713 F.2d 39, 44 (3d Cir. 1983) ("No denial of due process occurs if Brady material is disclosed to [defendants] in time for its effective use at trial").

The Supreme Court in Giglo extended its ruling in Brady to encompass impeachment evidence relating to the credibility of a government witness. Giglio, 405 U.S. at 154. Any inducements or rewards given to government witnesses, including but not limited to money, grants of immunity, plea bargains, promises of leniency or recommendations thereof, or preferential treatment, would fall under impeachment evidence that must be disclosed under Brady. See Higgs, 713 F.2d at 43 ("Evidence that government witnesses have been granted immunity and/or leniency for their cooperation is clearly relevant on the issue of their credibility").

In its Response the government indicates that it has "already provided and intends to continue to provide whatever actual exculpatory information may exist and has not already been disclosed." Govt. Resp. 3. The government also states that it intends to provide any impeachment material in advance of trial so that Mr. Fields can make effective use of the materials. Id. The government also acknowledges its continuing obligation to provide Mr. Fields with any additional Brady/Giglio material sufficiently in advance of trial for its effective use. In order to protect some witnesses, other persons, and ongoing investigations, the

government intends to delay disclosure of any sensitive impeachment material to a date that will still permit effective use of the material by the defense. Notably, the government indicates its intention to adhere to court ordered pretrial deadlines with respect to disclosure of such materials and witnesses. To the extent that Mr. Fields requests full scale disclosure of certain materials he has identified (see ECF No. 47 at ¶ 3.a.-l.) there has been no basis presented to warrant disclosure of such material at this time. There is no evidence to suggest that the government is not complying with its obligations. Accordingly, the Motion for Disclosure of Brady/Giglio Materials is DENIED, without prejudice.

## II.     Motion for Additional Discovery

Mr. Fields requests specific and detailed additional discovery materials related to the defendant or to the instant case, as set forth in his Motion. ECF No. 49 at ¶ 2.a.-k. In brief, Mr. Fields requests that the government provide him with any information exchanged between any representatives of the United States, the ATF, and the DEA and Pennsylvania law enforcement agencies; videotapes (or composites), recorded oral conversations, record and/or documentary evidence of any kind or nature; affidavits and related materials presented to any judicial officer; expert and scientific reports; any log and/or pen registers; evidence logs memorializing chain of custody; lab reports; and materials or evidence found through a search and/or seizure.

"Rule 16 of the Federal Rules of Criminal Procedure delineates the categories of information to which defendants are entitled in pretrial discovery in criminal cases, with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." United States v. Ramos, 27 F.3d 65, 68 (3d Cir. 1994). Federal Rule of Criminal Procedure 16(a)(1) requires the government, when requested by

defendant, to disclose, within proscribed limits, the defendant's oral, written, or recorded statement (Rule 16(a)(1)(A) & (B)) and the defendant's prior record (Rule 16(a)(1)(D)).  In addition, pursuant to Rule 16(a)(1)(E) ("Documents and Objects"), upon the defendant's request, "the government must permit a defendant to inspect and to copy or photograph" said documents and objects as set forth in the Rule.  Fed. R. Crim. P. 16(a)(1)(E).  Similarly, when requested by defendant, the government must permit the inspection, copying, or photographing of results or reports of any physical or mental examinations and scientific tests or experiments.  Fed. R. Crim. P. 16(a)(1)(F).  Finally, when requested, "the government must give to the defendant a written summary of any [expert] testimony that the government intends to use, . . . during its case-in-chief at trial," and the written summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."  Fed. R. Crim. P. 16(a)(1)(G).  In addition, the government remains under a continuing duty to disclose any additional evidence it discovers.  Fed. R. Crim. P. 16(c).  "Information Not Subject to Disclosure," is described in Rule 16(a)(2), as follows:

> Except as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.

Fed. R. Crim. P. 16(a)(2).  Rule 16(a)(2) also prohibits "the discovery or inspection of statements made by prospective government witnesses except as provided in [the Jencks Act] 18 U.S.C. § 3500."  Fed. R. Crim. P. 16(a)(2).

The government states that it has complied with its obligations under Rule 16 and states that it intends to adhere to its obligations to supplement its Rule 16 disclosures as new information is learned.  Fed. R. Crim. P. 16(a)(2).  The government notes, however, that it has

not yet conferred with defense counsel with respect to any specific requested additional discovery items identified in the Motion. Therefore, such requests may be rendered moot by a conference. The Motion will be DENIED as premature with respect to materials the defense did not request from the government yet or where the parties have not yet conferred about the requested material. If the government does not turn over certain requested material under Rule 16, Mr. Fields can seek to compel the government to provide such material if one of Rule 16's bases for production of the material is established.

With respect to requests for certain materials, such as the requests for information exchanged between representatives of state and federal agencies and bodies, the government argues that such disclosure is beyond the scope of Rule 16. The Court agrees, and further concludes that without more specific information from Mr. Fields to support his request, the request at this time is overbroad. The Motion, in this regard, is DENIED without prejudice.

As for requested materials that are Jencks materials, by statute[1] the government need not disclose such material until after the witness has testified at trial, and therefore the Motion is DENIED insofar as Jencks materials are requested. Mr. Fields separate Motion specifically requesting early disclosure of Jencks Act material is addressed in the next section.

In summary, there is no indication that the government is not complying with its discovery obligations. Accordingly, the Motion for Additional Discovery is DENIED, as stated above.

---

[1] Pursuant to the Jencks Act, no statement or report made by a government witness or potential government witness "shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). "After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b).

### III. Motion for Early Disclosure of Jencks Material

Mr. Fields seeks early disclosure of Jencks Act material. Specifically, he seeks disclosure of such material fourteen days prior to trial. Pursuant to the Jencks Act, no statement or report made by a government witness or potential government witness "shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). "After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b).

The statute provides that the government need not provide investigative statements as Jencks material prior to the time a witness has testified on direct examination at trial. A court can encourage the government to provide the defense with Jencks Act materials in time to avoid unnecessary delays during trial. In the Court's standard Pretrial Scheduling Order, the government will be encouraged to provide all Jencks Act materials prior to the final pretrial conference (which is typically held five to fourteen days before trial), or in the alternative, to provide such materials in sufficient time to permit counsel to review the materials so as to eliminate the need for a delay in the trial. The government, aware of the potential delays by holding Jencks material until after a witness is called, states that it intends to provide Jencks Act material five business days before commencement of trial. Govt. Resp. 7. Accordingly, the Motion for Early Disclosure of Jencks Material is DENIED.

**IV.    Motion to Compel Government to Provide Defendant with Written Statement of Uncharged Misconduct Evidence and/or Federal Rule of Evidence 404(b) Evidence and for Pretrial Production of Such Evidence**

Mr. Fields requests that the Court Order the government to provide him with a written statement of any uncharged misconduct evidence and/or Federal Rule of Evidence 404(b) evidence. Mr. Fields argues that the by providing such evidence early it will avoid delay and permit counsel sufficient time to review the evidence in preparation for any challenge to the evidence. Thus, he argues that the failure of the government to provide such evidence early will deprive Mr. Fields of his right to a fair trial and his right to effective assistance of counsel.

Federal Rule of Evidence 404(b) is titled "Other Crimes, Wrongs, or Acts," and specifies when such evidence is prohibited, when it is permitted, and the prosecution's obligations to notify the defense that it intends to introduce such evidence. As to "Prohibited Uses," Rule 404(b)(1) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). With respect to "Permitted Uses," Rule 404(b)(2) provides that evidence of prior bad acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Finally, Rule 404(b)(3)'s notice requirements, which were amended effective December 1, 2020[2], provide as follows:

**(3) Notice in a Criminal Case**. In a criminal case the prosecutor must:

**(A)** provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;

---

[2] Federal Rule of Evidence 404(b) was amended effective December 1, 2020. According to the Committee Note, and as set forth above, the amendment principally imposes additional notice requirements on the prosecution. The amendment also eliminated the requirement that the defendant must make a request before notice is provided. Amended Rule 404(b) governs all proceedings commenced December 1, 2020 and thereafter.

>    **(B)**  articulate in the notice the permitted purpose for which the prosecutor
>    intends to offer the evidence and the reasoning that supports the purpose;
>    and
>
>    **(C)**  do so in writing before trial – or in any form during trial if the court,
>    for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3).  In its Response, the government states that it has not et identified the specific bad acts and/or convictions it will seek to introduce at trial.  The government states that it is aware of its obligations under Rule 404(b) and indicates that it will provide notice of Rule 404(b) information it intends to introduce at trial three weeks before trial.

What constitutes "reasonable notice" depends on "the circumstances and complexity of the prosecution."  United States v. Johnson, 218 F. Supp. 3d 454, 462 (W.D. Pa. 2016).  In general, courts have found that, "reasonable notice" under Rule 404(b) is in the range of seven to ten days or one to two weeks prior to trial.[3]  United States v. Long-Parham, 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016); United States v. Buckner, 2020 U.S. Dist. LEXIS 5485, at *14–15 (M.D. Pa. Jan. 13, 2020). Thus, to determine when disclosure should occur depends on "the circumstances and complexity of the prosecution."  Johnson, 218 F. Supp. 3d at 462).

Here, Mr. Fields requests notice through immediate disclosure. The government has indicated it intends to disclose such material three weeks prior to trial.   The Court finds that disclosure three weeks prior to trial is sufficient to provide Mr. Fields with time to review and challenge such evidence, if necessary.

---

[3] The Court notes there is recent precedent for ordering disclosure of such evidence thirty days in advance of trial. United States v. Coles, 511 F. Supp. 3d 566, 593 (M.D. Pa. 2021). cIn Coles, the District Court concluded: "Given the circumstances and complexity of this prosecution, and the anticipated volume of motions in limine, we will adopt [defendant's] proposal and order the government to notify all defendants whether it intends to offer evidence under Rule 404(b) or Rule 609(b) at least 30 days before trial." United States v. Coles, 511 F. Supp. 3d 566, 593 (M.D. Pa. 2021)

With respect to Defendant's opportunity to challenge the admissibility of such evidence, the government states that the appropriate time for resolution of Rule 404(b) admissibility issues is normally at trial. As to certain concrete evidentiary disputes the issue of admissibility may have to wait to be resolved until trial. The defense's challenge to the admissibility of Rule 404(b) and related evidence, and the government's response in support of admissibility, are typically heard prior to trial. Moreover, the United States Court of Appeals for the Third Circuit requires that Rule 404(b) evidence may only be introduced at trial if the government "can demonstrate its admissibility." United States v. Repak, 852 F.3d 230, 241 (3d Cir. 2017). Although the government carries the burden, there is no indication that the burden is prejudicial if performed prior to trial. Admissibility of "evidence of uncharged crimes or wrongs must (1) have a proper evidentiary purpose [that is, the evidence is proffered for a non-propensity purpose]; (2) be relevant; (3) satisfy Rule 403 [in that its probative value must not be substantially outweighed by its potential for causing unfair prejudice]; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it." United States v. Green, 617 F.3d 233, 240 (3d Cir. 2010). This is not to say that there will not be evidentiary issues to be resolved during trial. This is only to reinforce that scheduling orders and pretrial planning contemplate disclosure of evidence in order to avoid delay at trial. Having found that disclosure three weeks prior to trial is adequate, the Moton to Compel Government to Provide Defendant with Written Statement of Uncharged Misconduct Evidence and/or Federal Rule of Evidence 404(b) Evidence and for Pretrial Production of Such Evidence is DENIED.

V.      **Motion for Court Order to Preserve Rough Notes**

Finally, Mr. Fields requests that the Court order all law enforcement officers who participated in this case to retain and preserve their rough notes.

The United States Court of Appeals for the Third Circuit requires the government to retain rough notes and writings. In United States v. Vella, 562 F.2d 275 (1977) the Court of Appeals held that "rough interview notes of [law enforcement officers] should be kept and produced so that the trial court can determine whether the notes should be made available to the defendant under the rule in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), or the Jencks Act." Id. at 276. In United States v. Ammar, 714 F.2d 238 (3d Cir. 1983), the Court of Appeals expanded the category of what must be retained to include rough reports; holding that "the government must retain and, upon motion, make available to the district court both the rough notes and the drafts of reports of its agents to facilitate the district court's determination whether they should be produced." Id. at 259. In Ammar, the Court acknowledged that a rough draft is not necessarily a Jencks Act statement until it is refined to the point where a finding can be made that the witness has "adopted or approved" the rough draft as a statement, such as where a law enforcement official presents a handwritten draft to a supervisor. Id. Mr. Fields' request for an Order directing the government to retain rough notes relating to law enforcement officer's investigation in this case will be granted.

Accordingly, Mr. Field's Motion for Court Order to Preserve Rough Notes is GRANTED as to the preservation of rough notes. The government is ordered to preserve rough notes consistent with this Opinion and its obligations under Vella and Ammar.

## VIII. Conclusion

In summary, and for the reasons stated above, Mr. Fields' Motions are resolved as follows.  The Motion for Disclosure of Brady/Giglio Materials, ECF No. 47 is DENIED without prejudice; the Motion for Additional Discovery, ECF No. 49, is DENIED, as explained in the Opinion; the Motion for Early Disclosure of Jencks Material, ECF No. 51, is DENIED; the Motion to Compel Government to Provide Defendant with Written Statement of Uncharged Misconduct Evidence and/or Federal Rule of Evidence 404(b) Evidence and for Pretrial Production of Such Evidence, ECF No. 53, is DENIED; and the Motion for Court Order to Preserve Rough Notes, ECF No. 55, is GRANTED.

An Order scheduling trial in this matter for March 20, 2023 will be entered separately. An Initial Video Pretrial Conference is hereby set for February 10, 2023 at 10:00 AM.

IT IS SO ORDERED.

Dated: January 27, 2023

                                          Marilyn J. Horan
                                          United States District Court Judge